UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KATHY POKIGO,

                              **Plaintiff,**                            13-CV-722A(Sr)

v.

TARGET CORPORATION,

                              **Defendant.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #4.

Plaintiff commenced this action in New York State Supreme Court, Erie County, seeking damages for personal injuries sustained following a fall near the front entrance of the Target Store in Orchard Park, New York on January 27, 2011, resulting in a partial tear of the left rotator cuff, aggravation of a prior C5-6 fusion, protrusion at C4-5, left knee sprain, and right hand sprain. Dkt. #1-3 & Dkt. #12-2. Plaintiff, a 51 year-old pharmacy manager at the time of the incident, is seeking compensation for past and future pain and suffering, loss of enjoyment of life, lost wages and medical expenses. Dkt. #12-2. The action was removed to this Court based upon diversity jurisdiction. Dkt. #1, ¶ 9.

Currently before the Court is defendant's motion: (1) to compel medical authorizations; (2) to preclude or compel evidence of special damages; (3) to preclude plaintiff's treating physicians from testifying as expert witnesses; (4) for attorney's fees. Dkt. #12.

**Medical Authorizations**

Subsequent to the filing of the motion to compel, plaintiff produced medical authorizations except as requested from Dr. Pieczonka, plaintiff's gynecologist, and Dr. Quijada, plaintiff's endocrinologist.  Dkt. #14, pp.2-3.  Plaintiff declined to provide authorizations for these providers on the ground that she has made no claim for damages with respect to these providers' medical specialties.  Dkt. #14, p.3.  Plaintiff limited her medical authorizations to preclude disclosure of records relating to alcohol/drug treatment; mental health information; and HIV-related information on the ground that such information is "not relevant as they are not claims made in this action." Dkt. #14, p.3.  Plaintiff specifically declined to provide an authorization for Dr. Sally Briggs, a psychotherapist, on the ground that plaintiff "makes no claim for injuries that result in mental health complaints, treatment, or therapy."  Dkt. #14, p.4.

Defendant argues that full disclosure of plaintiff's medical records is required to assess alternate causes for plaintiff's lost wage claim of $225,000, as well as her claims of loss of enjoyment of life and pain and suffering.  Dkt. #16, ¶ 12. Defendant notes that Dr. Kauderer identifies alternate sources of mental stress and anxiety and suggests that plaintiff's "psychiatric symptoms and issues are preventing her from RTW at this point, even though she is making some positive progress as far as

her physical issues." Dkt. #12-8 & Dkt. #16, ¶ 12.  In addition, defendant notes that several medical providers have refused to provide medical records without receipt of an unlimited authorization.  Dkt. #12-7 & Dkt. #16, ¶¶ 16-17.  Defendant argues that disclosure of medical records from Dr. Pieczonka and Dr. Quijada are relevant given that plaintiff testified at her deposition that Dr. Pieczonka diagnosed her with osteopenia, a condition managed by an endocrinologist, and relevant to her claims of joint pain and injury.  Dkt. #16, ¶ 20.

"The deposition-discovery regime set out by the Federal Rules of Civil Procedure is an extremely permissive one to which courts have long accorded a broad and liberal treatment to effectuate their purpose that civil trials in the federal courts [need not] be carried on in the dark." *In re Friedman*, 350 F.3d 65, 69 (2d Cir. 2003) (internal quotation omitted)(alteration in original); *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.")  "The underlying policies of the Federal Rules of Civil Procedure relating to the discovery phase of a case are clear: parties are permitted to conduct full, wide-ranging discovery as long as it is aimed at obtaining material which will be relevant to the ultimate disposition of the case." *Factor v. Mall Airways, Inc.*, 131 F.R.D. 52, 54 (S.D.N.Y. 1990).  Thus, "[i]t is not grounds for an objection that the information sought will be inadmissible at trial so long as the material requested could lead to other information that may be relevant to the subject matter of the action." *Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 591 (W.D.N.Y. 1996).  "However, pursuant to Rule 26(c), the court may limit discovery even if the information sought is relevant." *Tisby v. Buffalo General Hosp.*, 157 F.R.D. 157, 170 (W.D.N.Y. 1994); *Coyne v. Houss*,

584 F. Supp. 1105, 1109 (E.D.N.Y. 1984); *See* Rule 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.").

Where, as here, plaintiff has significant pre-existing and ongoing mental and physical conditions which can reasonably be expected to impact her claim for damages resulting from this incident, defendant is entitled to full discovery regarding plaintiff's treatment history. *See Bruno v. CSX Transp., Inc.* 262 F.R.D. 131, 133-34 (N.D.N.Y. 2009) (finding privilege waived and granting discovery of medical records relating to plaintiff's substance abuse and mental health treatment where disclosure was likely to reveal evidence of alternative or intervening causes for the damages claimed by plaintiff); *Bayne v. Provost*, 359 F. Supp.2d 234, 238 (N.D.N.Y. 2005) (By commencing this action and seeking damages for medical injuries, plaintiff has placed his relevant medical condition at issue and waived any otherwise applicable physician-patient privileges). Accordingly, plaintiff shall produce unlimited authorizations for release of medical records from all mental and physical treatment providers except that the authorization for release of records from mental health providers, her gynecologist and her endocrinologist may be limited from January 1, 2010 to the present.

**Special Damages**

Defendant moves to preclude plaintiff from offering evidence of lost wages and medical expenses following plaintiff's failure to supplement her initial disclosures and provide a detailed response to Interrogatory Nos. 11 and 12 seeking the amount of

damages claimed for medical expenses and impairment of earning capacity or loss of future earnings and the basis for calculating such damages.  Dkt. #12, pp. 6-7.

In response, plaintiff provided defendant with a calculation of her lost wages, which amounts to $223,887.50 as of August 20, 2013.  Dkt. #14, pp.5-7.

Defendant continues to seek preclusion and notes that plaintiff has yet to provide a calculation of medical expenses.  Dkt. #16, pp.9-10.

To the extent that plaintiff seeks reimbursement of medical expenses, plaintiff shall provide defendant with a calculation of such expenses within 30 days of the filing of this Order.

**Expert Testimony**

Defendant seeks to preclude plaintiff from presenting expert testimony from Dr. Tetro and Dr. Egnatchik on the grounds that their expert disclosure fails to comply with the requirements of Rule 26 of the Federal Rules of Civil Procedure.  Dkt. #12, pp.9-12.

Plaintiff responds that it was not her "intent to elicit testimony beyond that which is within the evidentiary rules of treating physicians," and clarifies that Dr. Tetro and Dr. Egnatchik will not testify as expert witnesses.  Dkt. #14, pp.7-8.

Defendant requests that this Court preclude plaintiff from offering opinions regarding plaintiff's prognosis, causation issues, employability and future medical expenses, as the expert disclosure indicates they intend to do at trial, because their medical records do not contain any basis for such opinions.  Dkt. #16, pp.10-11.

Rule 26(a)(2) of the Federal Rules of Civil Procedure provides that a party must disclose the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705 and if the witness is retained or specially employed to provide expert testimony in the case or is one whose duties as the party's employee regularly involve giving expert testimony, the witness must prepare and sign a written report containing: (1) a complete statement of all opinions the witness will express and the basis and reasons for them; (2) the data or other information considered by the witness in forming his or her opinions; (3) any exhibits that will be used to summarize or support the opinions; (4) the witness's qualifications, including a list of all publications authored in the previous 10 years; (5) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and (6) a statement of the compensation to be paid for the study and testimony in the case.  Although the rule uses the term "expert" to refer to individuals who will testify under Rule 702 of the Federal Rules of Evidence with respect to scientific, technical, and other specialized matters, the requirement of a written report

> applies only to those experts who are retained or specially
> employed to provide such testimony in the case or whose
> duties as an employee of the party regularly involve the
> giving of such testimony.  A treating physician, for example,

>can be deposed or called to testify at trial without any
>requirement for a written report.

Fed. R. Civ. P. 26, Advisory Committee Notes, 1993 Amendment.

A treating physician's testimony "is based on the physician's personal knowledge of the examination, diagnosis, and treatment of a patient, and not on information acquired from outside sources." *Brundidge v. City of Buffalo*, 79 F. Supp.2d 219, 224 (W.D.N.Y. 1999). As "a necessary part of the treatment of the patient," treating physicians may "have an opinion as to the cause of an injury based upon their examination of the patient or to the degree of injury in the future." *Mangla v. University of Rochester*, 168 F.R.D. 137, 139 (W.D.N.Y. 1996), *quoting Baker v. Taco Bell Corp.*, 163 F.R.D. 348, 349 (D.Colo. 1995); *Salas v. United States*, 165 F.R.D. 31, 33 (W.D.N.Y. 1995) ("As a general rule, a treating physician considers not just the plaintiff's diagnosis and prognosis, but also the cause of the plaintiff's injuries."). Accordingly, so long as the testimony is based solely upon the physician's care and treatment of the patient, a treating physician "can express an opinion regarding the cause of any medical condition presented in a patient, the diagnosis, the prognosis and the extent of the disability, if any, caused by the injury." *Zanowic v. Ashcroft*, 2002 WL 373229, at *3 (S.D.N.Y. 2002).

"However, when the doctor's opinion testimony extends beyond the facts disclosed during the care and treatment of the patient and the doctor is specifically retained to develop opinion testimony, he or she is subject to the provisions of Rule

26(a)(2)(B).  *Peck v. Hudson City*, 100 F. Supp.2d 118, 121 (N.D.N.Y. 2000).  For example, "with regard to opinions based on information not learned during the course of treatment, a physician must comply with the rules regarding expert disclosure."  *Lewis v. Triborough Bridge & Tunnel Auth.*, 2001 WL 21256 (S.D.N.Y. 2001).  Similarly, when a physician consults medical records or reviews opinions of other doctors, compliance with Rule 26(a)(2)(B) is required.  *See Finney-Seymour v. United Parcel Service of America, Inc.*, 2001 WL 253044, at * 1 (D. Vt. 2001); *Salas*, 165 F.R.D. at 33.

Accordingly, to the extent that the physicians identified by plaintiff are expected to provide opinions unrelated to their treatment of the plaintiff, the deadline for compliance with Rule 26(a)(2)(B) is extended to **January 16, 2015.**  To the extent that the physicians do not provide written expert reports, the trial judge will be in the best position to address, upon timely objection by defense counsel, the admissibility of testimony and opinions which allegedly extend beyond the physicians' treatment of the plaintiff.

**Attorney's Fees**

Defendant seeks attorney's fees as provided by Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure.  Dkt. #16, ¶ 10.

Rule  37(a)(5)(A) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> If the motion [to compel disclosure or discovery] is granted –
> or if the disclosure or requested discovery is provided after

>   the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both of them to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But, the court must not order this payment if:
>
>   (I)     the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
>   (ii)    the opposing party's nondisclosure, response, or objection was substantially justified; or
>
>   (iii)   other circumstances make an award of expenses unjust.

In the instant case, defendant's counsel repeatedly requested multiple medical authorizations which were not provided until the filing of this motion. Dkt. #12-5. With respect to the medical providers who refused to disclose records without an authorization allowing release of sensitive information, the Court finds plaintiff's refusal to provide an authorization acceptable to her medical providers to be unjustified. The Court also finds plaintiff's position that her mental health records are irrelevant to assessing her claim for lost wages, pain and suffering and loss of enjoyment of life is unjustified, particularly in light of her medical provider's suggestion that issues not attributable to the incident were causing plaintiff stress and anxiety.  Finally, plaintiff's failure to provide a calculation of lost wages prior to the filing of this motion and failure to provide a calculation of medical expenses as of the filing of defendant's reply to this motion is without justification.  As a result, an award of attorney's fees is appropriate.  If the parties are unable to agree on a reasonable award of attorney's fees by **January 9,**

**2015**, defendant shall file an affidavit detailing the attorney's fees attributable to this motion to compel.

       **SO ORDERED.**

**DATED:**     Buffalo, New York
               December 8, 2014

                                       s/ H. Kenneth Schroeder, Jr.
                                       **H. KENNETH SCHROEDER, JR.**
                                       **United States Magistrate Judge**