UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KATHY POKIGO,

                                    Plaintiff,                              13-CV-722A(Sr)

v.

TARGET CORPORATION,

                                    Defendant.

_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #4.

By Order entered December 8, 2014, the Court granted, in part, defendant's motion to compel and awarded defendant attorney's fees as provided by Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure.  Dkt.#18.

Currently before the Court is defendant's request for $5,407.74 in attorney's fees.  In support to her request, counsel submits contemporaneous billing records for time spent on the motion. Dkt. #20.  Counsel declares that her hourly billing rate, as the partner handling this matter, is $200; her associate's hourly billing rate is $175; and the paralegal's hourly rate is $90.  Dkt. #20-1, ¶ 5.

Plaintiff's counsel opposes the amount requested as excessive for a simple motion to compel and suggest $750 as an appropriate fee award.  Dkt. #23.

The calculation of a presumptively reasonable attorney's fee is generally governed by the lodestar approach, which requires the Court to multiply "the number of hours reasonably expended" by a "reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *See Perdue v. Kenny A*., 559 U.S. 542, 551 (2010) (lodestar approach has "become the guiding light of our fee-shifting jurisprudence.").  In order to properly assess whether hours were reasonably expended, the application should include "contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998).  "Hours that are excessive, redundant, or otherwise unnecessary are to be excluded, and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Id.* (internal quotations and citations omitted).  A reasonable rate is one that is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); See *Townsend v. Benjamin Enterprises, Inc*., 679 F.3d 41, 59 (2d Cir. 2012) (determination of reasonably hourly rate contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill within the district).  "[T]rial courts enjoy considerable discretion in determining the appropriate amount of attorney fees." *Weitzman*, 98 F.3d 717, 720 (2d Cir. 1996).

The Court has no concerns over the hourly billing rate of $200 for the partner responsible for this matter, an experienced and respected litigator. Although no information is provided regarding the associate billing on this matter, a review of the firm's website indicates that she is a newly admitted attorney. Perhaps not coincidentally, the Court finds a significant overlap in time billed by the partner and the associate, as well as the associate and paralegal, and the expenditure of time by the partner on tasks which would ordinarily be performed by an associate. For example, the paralegal spent just shy of an hour identifying exhibits for the motion on the same day that the associate spent an hour reviewing the file for correspondence and outstanding authorizations which were included as exhibits. In addition, the partner spent 8 hours preparing the motion, even though the associate had already spent 4.5 hours and the paralegal had spent 5 hours preparing a relatively straight forward motion to compel medical authorizations. Accordingly, the Court exercises its discretion to reduce the billable hours by 50%. Plaintiff's counsel is directed to pay $2,646.75 in attorneys fees reasonably attributable to the costs of defendant's motion to compel.

**SO ORDERED.**

**DATED:    Buffalo, New York**
**April 9, 2015**

  **s/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**